[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION FOR SPECIFIC DISCLOSURE
It is undisputed that the state has an obligation to disclose exculpatory material to the defendant Alan Walter at his probable cause hearing. State v. White, 229 Conn. 125, 134 (1994) ("since the adversarial probable cause hearing is an essential part of a defendant's criminal prosecution, the constitutional obligation to disclose exculpatory material attaches at that time"). Walter has moved for thirty specific disclosures of exculpatory material, most of which refer to information contained in the arrest warrant. The state objects to some of these requests on the grounds that they are not exculpatory under the applicable law.
Prior to addressing the specific requests, the court addresses several issues. First, Walter seeks a ruling from the court that Rule 3.8 of the Rules of Professional Conduct requires the state to disclose exculpatory material with greater breadth than the law under United States v.Bagley, 473 U.S. 667 (1985). He argues this citing Kyles v. Whitley,514 U.S. 419, 436-37 (1995) and Massameno v. Statewide GrievanceCommittee, 234 Conn. 539 (1995). This court has reviewed both of those cases as well as the Rules of Professional Conduct. Based on that review, the court declines to apply Rule 3.8 as the controlling law in its determination of the state's obligation to disclose exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963). The Kyles case does not hold that the Rule should be applied in this context, nor does theMassameno case. The court also notes that the Supreme Court of this state has consistently used the Bagley test with no reference to Rule 3.8. See, e.g., State v. Ortiz, 252 Conn. 533, 544-46 (2000) and State v.McIntyre. 242 Conn. 318, 323-25 (1997).
The state also objects to Walter's motion because of his definition of "material". He defines it to include "audio, video, written, oral or notes of interviews relating thereto." (Motion for Specific Disclosure date January 8, 2003, note 1) The state argues that this definition is too broad. That definition will be limited to non-duplicative material. CT Page 806 See State v. Esposito, 235 Conn. 802, 813 (1996) ("the undisclosed evidence was cumulative of other evidence . . ., and, therefore, no Brady
violation"). For example, if the notes of interviews provide the only source of the information, they should be disclosed.
As to those requests that include the phrases "conflicting with or supporting information provided by Alan Walter or any co-defendant," or "assertions inconsistent with any version of events provided by Alan Walter or any co-defendant," the court finds that these requests seek more than exculpatory material. Accordingly, as to those requests, the court orders the disclosure of material that is favorable to the defense and is either information affecting the credibility of any witness the state intends to call at the probable cause hearing or is evidence that Walter could use in his offer of proof to rebut a finding of probable cause so as to lead a person of reasonable caution to believe that the defendant had not committed the crime. State v. Shannon, 212 Conn. 387,407 (1989); see also State v. Ortiz, 252 Conn. 533, 545-48 (2000) andState v. McIntyre, 242 Conn. 318, 321-25 (1997).
Further, the information or evidence to be disclosed under Brady is not limited to admissible evidence. In United States v. Gil, 297 F.3d 93, 104
(2002), the Second Circuit considered the issue of admissibility forBrady materiality:
 For our current purposes, we need only satisfy ourselves that: [1] either all or part of the Bradford memo is admissible; [2] the memo could lead to admissible evidence; or [3] the memo could be an effective tool in disciplining witnesses during cross examination by refreshment of recollection or otherwise.
(Citations omitted.).
Adopting that standard here, the evidence need only be admissible, be able to lead to admissible evidence or be usable for impeachment purposes.
As the defendant acknowledges, the information contained in the warrants is not suppressed. However, information referred to in the warrants but not fully disclosed are subject to Brady disclosure. In disclosing materials in response to these requests, the state must be guided by the following principles set forth by our Supreme Court:
1) exculpatory evidence must be disclosed at a time when it can be CT Page 807 effectively used, and
2) evidence is exculpatory and should be disclosed to the defendant if there is a probability sufficient to undermine confidence in the outcome of the probable cause hearing if it is not disclosed.
State v. White, supra 229 Conn. 135-36.
As to the specific requests, applying the above conclusions and statement of applicable law the court orders as follows:
1. in addition to those requests responded to by the state, and in accordance with the foregoing rulings, the court orders disclosure of the material sought in requests A, B, C. G, H, I, J, N, Q and DD.
2. As to O, the court orders disclosure only if said admission of Jeffrey Boyette is favorable to Walter's defense or if it provides information affecting the credibility of any witness the state intends to call at the hearing or is evidence that Walter could use in his offer of proof.
The state shall comply with this order no later than Tuesday, January 21, 2003, 4:00 P.M.
DiPentima, J. CT Page 808